IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark W. Sheaffer,                          :
                                           : No. 783 C.D. 2016
                        Petitioner         : Submitted:  September 23, 2016
                                           :
            v.                             :
                                           :
Workers' Compensation Appeal               :
Board (Standard Steel, LLC),               :
                                           :
                        Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 14, 2017


        Mark W. Sheaffer (Claimant) petitions for review of the April 15,
2016 order of the Workers' Compensation Appeal Board (Board), which affirmed
the July 1, 2015 decision and order of Workers' Compensation Judge Michael
Kroll (the WCJ), confirming and documenting that Standard Steel, LLC and its
insurer (together, Employer) obtained approval of a Workers' Compensation
Medicare Set-Aside account from the Centers for Medicare and Medicaid Services
(CMS); incorporating an Addendum to the parties' Compromise and Release
Agreement (C&R) submitted by Employer; and confirming the conclusion of
Employer's responsibility for any future workers' compensation payments related
to Claimant's May 19, 2009 work injury.  We affirm.

On May 19, 2009, Claimant sustained a work-related injury in the nature of a herniated disc at L2-3. Reproduced Record (R.R.) at 16a. The parties entered into a C&R on December 16, 2014,[1] agreeing that payment of $190,000 represented payment of all past, present, or future wage loss benefits. R.R. at 17a-18a. With respect to medical benefits,[2] the parties agreed as follows:

> Claimant is receiving Social Security and Medicare. As for medical benefits, the Claimant retains his rights to medical benefits, as such, [Employer] retain[s] all rights concerning medical benefits also, including but not limited to, the right to file a UR, Challenge medical bills, defend against Fee Review Applications, obtain IMEs, etc. The parties are seeking a Workers' Compensation Medicare Set Aside Account [WCMSA] approval from [CMS]. As an express term of this agreement, Claimant agrees to [cooperate] with [Employer] in [its] efforts [to] obtain CMS approval of a WCMSA; once CMS approves a WCMSA, [Employer] will have at [its] sole discretion the option to either fully fund the WCMSA via an annuity or by other means or to keep the Claimant's WC medical benefits open.

---

[1] The C&R was approved by decision and order of WCJ Geoffrey Russell dated December 22, 2014.

[2] When a claimant is entitled to Medicare payments or may be entitled to Medicare payments in the future, workers' compensation agreements settling future medical benefits must adequately consider Medicare's interests. 42 U.S.C. §1395y(b)(2); 42 CFR §§411.46, 411.47, and 411.21. The recommended method to protect Medicare's interests is a Workers' Compensation Medicare Set Aside Account, a financial agreement that allocates a portion of a workers' compensation settlement to pay for future medical services related to the work injury, illness, or disease. Department of Health & Human Services, Centers for Medicare & Medicaid Services, Workers' Compensation Medicare Set-Aside Arrangement (WCMSA) Reference Guide, Version 2.5, Rev. April 4, 2016. https://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Workers-Compensation-Medicare-Set-Aside-Arrangements/WCMSA-Overview.html (last visited January 27, 2017).

C&R, par. 13, R.R. at 17a.  In his decision approving the C&R, WCJ Russell found and concluded that Claimant understood the full legal significance of the C&R and entered into it knowingly and voluntarily.  R.R. at 12a-15a.

On April 16, 2015, Employer filed a petition to "Seek Approval of a Compromise and Release Agreement (ask Judge to approve settlement)," indicating that the parties had agreed to resolve Claimant's medical benefits, pursuant to Section 449 of the Workers' Compensation Act (Act).[3]  Claimant's counsel advised the WCJ that there was no such agreement, and the WCJ held a telephone hearing on June 9, 2015.

During the hearing, the parties agreed that in lieu of a second C&R, Employer would submit documentation and the WCJ would issue an order confirming that Employer exercised its option pursuant to the original C&R and fully funded the set aside account.

> [WCJ]: [I]s there actually a need based upon the prior [C&R] to have a separate C&R . . . ?  I know there [are] a lot of occasions where I will see the parties simply enter into the first agreement and then fund the Medicare Set Aside, stop payment of their medical benefits consistent with the initial agreement, and then go from there.
>
> [Employer's counsel]: Yes, I mean it's my customary practice to do, at least it's customary to my practice to do a second C&R, but you're right. . . . I don't know, I mean if [Claimant's counsel]'s not objecting to it, if you want to just issue an order, I can submit the CMS letter and we can submit everything and you can issue [an] order and say, hey, they exercised their option, they fully funded it as per the other C&R . . . .

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. §1000.5, which provides in part that a C&R "must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses."

* * *

> [WCJ] If you want to go ahead and confirm the submission in payment of the amounts in question and then submit that document, to upload that documentation, I would have no issue in essentially entering an order that can be basically very short that the parties entered into an agreement approved by [WCJ Russell] December 22nd and that's Judge's Exhibit One. The parties filed a C&R but rather than proceed with an additional hearing, [Employer has] submitted documentation confirming that they have fully obtained Medical Set Aside approval, fully funded the amount with proof of payment *and that the medical portion of this case is now resolved by way of the initial C&R and subsequent funding of a Medicare Set Aside amount*. That simple.

R.R. at 59a-60a (emphasis added)

> Claimant's counsel expressly consented:
>
> [Employer's counsel]: Jack, do you have an objection to that?
>
> [Claimant's counsel]: No, it's almost an administerial (sic) function, I suppose.

*Id.*

The WCJ continued the matter for thirty days. *Id.* Thereafter, Employer submitted a copy of the WCMSA, documentation of CMS approval and an addendum to Paragraph 13 of the C&R. R.R. at 34a-35a. By decision and order dated June 30, 2015, the WCJ adopted and approved the Addendum as fair and equitable and as confirmation of the conclusion of Employer's responsibility related to Claimant's May 19, 2009 work injury.

Claimant then appealed to the Board, asserting that: Employer wrote to the WCJ on June 27, 2015, requesting an order adopting an addendum to paragraph 13 of the previously approved C&R; the WCJ received that

4

correspondence of June 29, 2015; on June 29, 2015, Employer faxed additional documentation to the WCJ and mailed a copy of his June 27th correspondence to Claimant's counsel, who received it on July 1, 2015; and, without providing Claimant an opportunity to object or offer evidence, the WCJ admitted the documents and issued an order on July 1, 2015, declaring that Employer's resolution of all workers' compensation responsibility was concluded as of June 30, 2015. Claimant argued that the WCJ's decision is a product of an ex parte communication with Employer and acceptance of documents that were provided ex parte, that the WCJ should have dismissed Employer's petition because there was no agreement, and that Claimant did not have an opportunity to object or provide testimony.

The Board rejected these arguments, stating that there was no evidence of an improper ex parte communication, the documents submitted by Employer were the documents agreed upon at the June 9, 2015 hearing, and Claimant's attorney specifically declined an opportunity for a further hearing on the matter. Accordingly, the Board affirmed the WCJ's decision, and Claimant continues these arguments on appeal to this Court.[4]

Claimant contends that the Board erred in concluding that the original C&R contemplated a modification of its terms without providing him notice and an opportunity to object or provide testimony concerning his understanding of the agreement. Claimant also argues that the Board erred in determining that the documents submitted to the WCJ were not ex parte communications and in

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether the necessary findings of fact are supported by substantial evidence. *Milner v. Workers' Compensation Appeal Board (Main Line Endoscopy Ctr.),* 995 A.2d 492, 495 n.2 (Pa. Cmwlth. 2010).

5

concluding that he waived any due process rights to object to a decision based on those documents. Each of these arguments rests on Claimant's assertion that the WCJ's July 1, 2015 order changed the terms of the previously approved C&R.

Employer responds that, rather than reflecting a modification of the original C&R or a new agreement between the parties, the order adopting and approving the Addendum to Paragraph 13 simply recognized that the condition contemplated in the original C&R, CMS approval of the WCMSA and Employer's decision to fund the WCMSA, had occurred. Additionally, Employer notes that Claimant voiced no objection to the WCJ's proposal during the June 9, 2015 hearing. We agree with Employer.

The record is clear that, as an express term of the original C&R, Claimant agreed to cooperate with Employer in its efforts to obtain CMS approval of a WCMSA, and Claimant further agreed that once CMS approved the set-aside account, Employer would have, *at its sole discretion,* the option to either fully fund the WCMSA via an annuity or other means or keep Claimant's entitlement to medical benefits open. R.R. at 17a. Claimant's arguments concerting ex parte communications and due process also are belied by the record, which reflects that Claimant's counsel specifically and unequivocally agreed to the ensuing procedure.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark W. Sheaffer, : 
         : No. 783 C.D. 2016
              Petitioner : 
         : 
              v. : 
         : 
Workers' Compensation Appeal : 
Board (Standard Steel, LLC), : 
         : 
              Respondent : 

## O R D E R

AND NOW, this 14<u>th</u> day of <u>February</u>, 2017, the order of the Workers' Compensation Appeal Board, dated April 15, 2016, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge